**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 5, 2005
THOMAS K. KAHN
CLERK

_____

**No. 04-12454**

_____

D.C. Docket No. 99-06688-CV-SH

RYDER COMMUNICATIONS, INC.,
a Florida Corporation,

Plaintiff-
Counter-Defendant-
Appellant,

DAVID A. RYDER,
individually,

Plaintiff-Appellant,

versus

AMERICAN TELEPHONE AND
TELEGRAPH, INCORPORATED,
a Foreign Corporation,

Defendant-
Counter-Claimant-
Appellee.

_____

**Appeal from the United States District Court
for the Southern District of Florida**

_____

**(December 5, 2005)**

**Before HULL, MARCUS and HILL, Circuit Judges.**

**PER CURIAM:**

On appeal, Ryder Communications raises two issues: (1) whether the district court erred in enforcing the Limitations of Liability provision[1] contained in the agreement between AT&T and Ryder Communications; and (2) whether the district court erred in limiting David Ryder's testimony at trial. After review and oral argument, we affirm.

With regard to the Limitations of Liability provision, the parties agree that New Jersey law applies. Under New Jersey law, the Limitations of Liability provision is unenforceable only if AT&T's conduct is "willful and wanton." Tessler & Son, Inc. v. Sonitrol Sec. Sys. of N. N.J., Inc., 497 A.2d 530, 533 (N.J. Super. Ct. App. Div. 1985).

The New Jersey Supreme Court has defined "willful and wanton" as follows:

> [I]t must appear that the defendant with knowledge of existing conditions, and conscious from such knowledge that injury will likely

---

[1]The Limitations of Liability provision in the agreement provides that:

14(C)  EXCEPT TO THE EXTENT PROVIDED IN SUBSECTION 14(B)(1) ABOVE AT&T SHALL NOT BE LIABLE FOR INCIDENTAL INDIRECT SPECIAL OR CONSEQUENTIAL DAMAGE OR FOR LOST PROFITS SAVINGS OR REVENUES OF ANY KIND, WHETHER OR NOT AT&T HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

or probably result from his conduct, and with reckless indifference to the consequences, consciously and intentionally does some wrongful act or omits to discharge some duty which produces the injurious result.

McLaughlin v. Rova Farms, Inc., 266 A.2d 284, 293 (N.J. 1970).

The district court determined that AT&T's "errors may amount to negligent, or even grossly negligent, performance of its duties under the [contract], but they do not rise to the level of specific intent required, under New Jersey law, to vitiate a valid limitation of liability clause." We agree, and conclude that the district court did not err in granting partial summary judgment on AT&T's claim that the Limitations of Liability provision was enforceable.

As to the issue of whether the district court erred in excluding some of David Ryder's testimony at trial, we conclude that the district court did not abuse its discretion in excluding David Ryder's proposed expert testimony. See United States v. Frazier, 387 F.3d 1244, 1258 (11th Cir. 2004) (en banc) (stating that this Court reviews a "district court's decisions regarding the admissibility of expert testimony and the reliability of an expert opinion" for an abuse of discretion, and that "it is by now axiomatic that a district court enjoys 'considerable leeway' in making these determinations") (citation omitted). Furthermore, to the extent that David Ryder's proposed testimony was arguably lay in nature, we conclude that,

based on the record and the arguments presented by the parties in district court, there is no reversible error in the district court's rulings.

For all the above reasons, we affirm.

**AFFIRMED.**